IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOYSIE TAKOOR MAHABIR                    *

              Petitioner       *

     v.                                     *       CIVIL ACTION NO. L-09-183
                                             CRIMINAL NO. L-93-0022

UNITED STATES OF AMERICA                *

              Respondent      *
                                *****

## MEMORANDUM

Before the Court is Boysie Takoor Mahabir's ("Mahabir") pro se Writ of Error, Coram

Nobis, seeking to vacate his conviction pursuant to 28 U.S.C. § 1651.  After review, the Court

shall deny the Writ by separate Order.

**I. Background**

Mahabir was convicted for conspiracy to possess cocaine with the intent to distribute and

to distribute cocaine, possession of cocaine with the intent to distribute, and aiding and abetting

the same in violation of 21 U.S.C. §§ 841(a)(1) &  846 and 18 U.S.C. § 2.   On April 18, 1995,

he was sentenced to a total 188-month term in the U.S. Bureau of Prisons ("BOP") to be

followed by five years of supervised release.  The convictions were affirmed by the United

States Court of Appeals for the Fourth Circuit.  See United States v. Mahabir, 114 F.3d 1178 (4th

Cir. June 4, 2007).  On October 16, 2001, the undersigned denied Mahabir's 28 U.S.C. § 2255

Motion to Vacate.   See Mahabir v. United States, Civil Action No. L-98-1957 (D. Md.).  An

appeal of that decision was denied by the Fourth Circuit.  See United States v. Mahabir, 32 Fed.

Appx. 76 (4th Cir. April 1, 2002).

## II.  Analysis

In the Writ now before the Court, Mahabir seemingly asks to vacate his convictions on the following Fifth Amendment due process grounds: (i) the use of a controlled substance to indict Mahabir violated his right to to proof beyond a reasonable doubt; (ii) his rights were violated when he was indicted for conspiracy to distribute and possess with intent to distribute cocaine as there was insufficient evidence to support a conspiracy; (iii) his rights were violated when he was indicted for attempted possession and possession with intent to distribute cocaine, as there was insufficient evidence to support a finding of actual possession or attempt; and (iv) the Court erred in accepting the alleged hearsay statements of federal agents.  (Paper  No. 1.)

A writ of error coram nobis is granted "only under circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511 (1954).  Coram nobis is an extraordinary remedy that should be granted only "to correct errors of the most fundamental character where the circumstances are compelling to achieve justice." Id.  The reason for placing a  rigorous burden of proof on a petitioner is obvious. Collateral attacks significantly, and detrimentally, impact society's interest in the finality of criminal convictions.  See United States v. Mandel,  862 F.2d 1067, 1076 (4th Cir. 1988).  Additionally, a writ of error coram nobis will be granted to vacate a conviction only after a sentence has been served.  It is not available to a petitioner in federal custody pursuant to the sentence under attack  See  Morgan, 346 U.S. at 502; Mandel, 862 F.2d  at 1075.   Hence, if Mahabir is at present "in custody" he is barred, procedurally, from seeking coram nobis relief.

According to the BOP prison locator, Mahabir was apparently released from BOP custody on January 22, 2008.  He nonetheless remains in custody on his 1995 convictions under

2

his five-year supervised release term.  Supervised release is evidence that a petitioner is "in custody."   See Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002); see United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999).   In essence, Mahabir now seeks to use the extraordinary remedy of coram nobis to attack the sentence he continues to serve.  When a petitioner is in federal custody, his challenge to his convictions and sentence must be by means of a motion under 28 U.S.C. §2255.  As previously noted, Mahabir has already challenged his 1995 convictions under § 2255 without success.  Therefore, the avenue by which he must pursue collateral relief is to apply for leave to file a successive § 2255 motion in the Fourth Circuit. Mahabir may not use the extraordinary remedy of coram nobis to circumvent the gatekeeping requirements set forth at 28 U.S.C. § 2244.   Alternatively, the undersigned finds that the grounds raised here to challenge the 1995 convictions do not involve fundamental errors that compel the issuance of a writ of coram nobis.

## IV.  Conclusion

In summary, a review of this Writ shows that Mahabir is precluded from invoking the writ of coram nobis under 28 U.S.C. § 1651 or, in the alternative, his Writ fails to reveal any circumstances so compelling that justice requires the issuance of a writ of error coram nobis. Accordingly, the Writ shall be denied and dismissed.  A separate Order follows.

/s/

February 5, 2009                    _____

Benson Everett Legg
United States District Judge